## NOLTE & AL. vs. THEIR CREDITORS.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The appellants opposed the homologation of the tableau of distribution filed by the syndics, and alleged as the ground of their opposition, that they were not placed thereon as creditors for the damages on certain foreign bills of exchange, which were drawn by the insolvents, and returned protested. The court rejected their opposition, and they appealed.

The endorser of an accommodation note, is merely a surety, and can recover no more than he has paid.

The holder of a note, who discharges or grants a respite to the payee, thereby releases other parties.

From the *statement* agreed on by the parties, it appears that the appellees were endorsers on drafts of Nolte & Co. to a large

Eastern Dist.
May, 1828.

NOLTE & AL.
vs.
THEIR CRE-
DITORS.
amount. Their endorsements were not on real transactions; but made for the accommocation of the drawers, and the bills were by them negociated at the branch bank of the United States in this city. When the failure of the drawers took place, the appellants entered into arrangements with the bank, by which they gave security, and obtained time for the payment. It made a part of the agreement that they should be released from the damages; and the principal question for our consideration is, whether not having paid damages, they are entitled to recover them from the drawers.

The act of our legislature on this subject, provides that on the return of any foreign bill of exchange unpaid, with legal protest, the drawer thereof, and all others concerned, shall pay and discharge the contents of said bill, with twenty per cent. advance for the damage thereof. *Martin's Dig. vol.* 1, 596.

The counsel have gone very fully into the question, whether the endorsee of bills, who does not pay damages, has a right to recover them from previous parties on the instrument. We do not find it necessary, however, to express any opinion on this point, as the case

Eastern Dist.
*May*, 1828.

NOLTE & AL.
*vs.*
THEIR CRE-
DITORS.

must be decided on particular grounds, which take it out of the general rule, conceding that rule to be what the appellants contend it is.

It is admitted the appellants did not take the bills in the usual course of trade; that they gave no consideration, but that they lent their names to the drawers for their accommodation. It is also admitted the appellant did not transfer the notes, but that they were negociated by Nolte & Co. for their own use and benefit.

It was not made a question at the bar; and if it had been, there can be no doubt the court may look beyond the form in which this contract is cloathed, and examine into its real character. In doing so, it is at once seen that though it possesses the features of a commercial transaction, evidenced by bills in a negotiable form and endorsed, yet that in point of fact it is not so. The drafts never were in the possession of the appellants; they had no interest in them, and they did not transfer them. They were, therefore, in reality, the sureties of the drawers, to enable them to raise money in market. Their obligations and their rights must be ascertained by a reference to the general law, not that of bills of exchange. We

Eastern Dist.
*May,* 1828.

NOLTE & AL.
*vs*
THEIR CRE-
DITORS.

understand it to be well settled, in respect to accommodation notes or drafts, that although, as to subsequent parties to the endorser, the rules applicable to negotiable paper apply in full force, yet in regard to those who agree to accommodate each other by the use of their names, these obligations must be tested by the ordinary rules of law. The *lex mercato in* recognises no such contracts. *Bayley on Bills,* 224, 302. *Chitty on bills,* (ed. 1821.) 381.

Viewing the transaction in this light, we agree in opinion with the district judge. The appellants, as sureties of the drawers, can recover from them no more than was paid on their account.

The appellees have assigned, as error in the judgment below, the placing the appellants on the tableau as creditors for the balance due on a note of Cromelien, Davis & Co. of which the insolvents were endorsers. The objection made to the decision of the judge *a quo,* is, that the appellants attended a meeting of the creditors of the makers, called for the purpose of deliberating on the propriety of according them a *respite,* and that they (the appellants) voted in favour of it.

Eastern Dist.
*May,* 1828.

NOLTE & AL,
*vs.*
THEIR CRE-
DITORS.

We think the objection well taken, and that the court below erred. There is no rule more clearly or firmly established in relation to negotiable paper, than that discharging or giving time to any of the parties, is a discharge of every other party who, on paying the bill or note, would be entitled to sue the party to whom such discharge or time has been given. The court below seems to have considered the endorsers were not injured by the indulgence: that whether the appellants had consented or not, the respite would have been granted. We do not think we are permitted to go into that question. What would have been the effect of the appellants refusing the indulgence, we do not know. What influence their example, either in rejecting or acceding to the prayer of the petitioners, might have had on the other creditors, cannot now be ascertained; and a positive right, conferred by law on the doing of a certain act, cannot be destroyed by speculations as to what would have been the situation of the parties, if that act had not been done.

It is therefore ordered, adjudged and decreed, that the judgment of the district court

NOLTE & AL.
*vs.*
THEIR CRE-
DITORS.

be annulled, avoided and reversed : And it is further ordered, adjudged, and decreed, that the case be remanded to the said court, with directions to amend the tableau by rejecting the claim of the appellants as endorsers of the note of Vincent Nolte & Co: And it is further ordered, adjudged, and decreed, that the appellants pay the costs of this appeal.

*Grymes* for the appellants—*Pierce & Eustis* for the appellees.